FILED

AUG 16 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARIO A. WILLIAMS, | No. 11-17347 |
| Plaintiff - Appellant, | D.C. No. 2:09-cv-02665-GEB-EFB |
| v. | |
| PEEL; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted August 8, 2012[**]

Before:     ALARCÓN, BERZON, and IKUTA, Circuit Judges.

Mario A. Williams, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his back injuries and related pain. We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  We review de novo the district court's dismissal for failure to exhaust.  *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003).  We affirm.

The district court properly dismissed the action, without prejudice, because Williams failed timely to exhaust administrative remedies prior to filing suit.  *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) ("proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Wyatt*, 315 F.3d at 1119-20 ("[D]efendants have the burden of . . . proving the absence of exhaustion[,]" and "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact.").

The district court properly denied Williams' motion for summary judgment as moot in light of its dismissal for failure to exhaust administrative remedies.

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We do not consider any documents attached to Williams' briefs that are not part of the district court record.  *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077 (9th Cir. 1988).

**AFFIRMED.**